UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KATRINA LYNN CRAIG,

                                                              Plaintiffs,

v.                                                     Civil Action No. 3:25-cv-724-RGJ

JIM BEAM BRAND FOODS BEAM                                      Defendant
SUNTORY,

**MEMORANDUM OPINION & ORDER**

This case was filed on November 13, 2025. [DE 1]. Summons were issued and proof of service via certified mail was filed in the record on December 17, 2025. [DE 4]. Defendant answered on January 30, 2026. [DE 5]. The Court referred the matter to the Magistrate Judge on March 2, 2026 for purposes of managing all litigation planning and resolving non-dispositive matters. [DE 7]. On March 3, 2026, the Magistrate Judge issued an order for meeting at report, setting the conference for April 13, 2026. [DE 8]. Defendant filed a Rule 26(f) report which states that the Plaintiff, pro se, and Defendant, via counsel, met telephonically on March 20, 2026. [DE 29]. After that meeting, counsel for Defendant followed up by email with Plaintiff on March 26 and 237, but Plaintiff has not responded.  [DE 29].  The Magistrate Judge held the conference on April 13, 2026, and Plaintiff did not appear. [DE 10].  The Magistrate Judge ordered Plaintiff to show cause for the failure to appear by April 24, 2026, and warned Plaintiff that failure to do so may result in dismissal. [DE 10].  Plaintiff has not filed a response to the show cause order in the record or otherwise responded and the docket reflects no other action.

The Court has authority to dismiss a defendant and claims against the defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or

failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit employs a four-factor analysis for determining whether dismissal pursuant to Rule 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Additionally, the less stringent standards applied to *pro se* pleadings do not apply to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951, F.2d 108, 110 (6th Cir. 1991).

As to the first factor, the docket reflects no action by the Plaintiff since the case was filed, and the complaint and summons served. [DE 1, DE 4]. Although Plaintiff met telephonically with Defendant, Plaintiff has not communicated since that telephone call to submit a joint plan to the Court and failed to appear at the scheduled hearing. Plaintiff failed to respond to the Court's show cause order and the deadline set in that show cause order expired. From these inactions, Plaintiff is not making effort to prosecute the case. The second factor is somewhat neutral. As to the third factor, Plaintiff was warned that this case was subject to dismissal for failure to respond to the Court's show cause order and participate in the case. Plaintiff failed to respond to that order by filing a response or otherwise. Finally, given the totality of the circumstances and failure to prosecute this action, an order compelling compliance has already failed, and ordering sanctions is unlikely to result in cooperation. Because Plaintiff failed to prosecute this case, and failed to comply with the Court's order, Plaintiff's claims against the Defendant should be dismissed.

## CONCLUSION

Based on the above findings, **IT IS ORDERED** that Plaintiff's claims against the

Defendant are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal

Rule of Civil Procedure 41(b).  The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

May 1, 2026

Cc:    Plaintiff, pro se